IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KEENA POOLE,**

    **Plaintiff,**

v.                                        Case No. 3:20-cv-00014

**TARGET CORPORATION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is Defendant, Target Corporation's ("Target"), Motion to Compel. (ECF No. 13). Plaintiff has filed a response to the Motion, and the time for filing a reply memorandum has expired. For the reasons that follow, the Court **GRANTS** the Motion to Compel as indicated below.

Target complains that Plaintiff failed to provide full and complete responses to Interrogatory numbers 3, 5, 6, 7, 8, 10, 11, 12, 14 and Requests for Production of Documents numbers 1, 3, 4, 5, 6, 13, 15, 20, 21, 26, and 27-33 submitted by Target in its first set of discovery requests. (*Id.*). Plaintiff responds that the parties have resolved their differences regarding all of the disputed discovery requests, except for Interrogatory numbers 11 and 12. (ECF No. 16). Given that Target did not file a reply, Plaintiff's representation that the parties have resolved most of their differences is not contested and thus is accepted by the Court. Accordingly, the Court addresses only Interrogatory numbers 11 and 12, and grants the remainder of the motion to compel as agreed upon by the parties.

1

Interrogatory number 11 requests information regarding any Medicare lien and /or health insurance lien. Plaintiff objects to providing this information, citing the collateral source rule. Because jurisdiction in this case is based on diversity of citizenship, the Court applies state substantive law and federal procedural law. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010). The Supreme Court of Appeals of West Virginia has explained the collateral source rule as follows:

> The collateral source rule is a long-standing principle in West Virginia law and has been a staple of American tort law since before the Civil War. The collateral source rule excludes payments from other sources to plaintiffs from being used to reduce damage awards imposed upon culpable defendants. The collateral source rule protects payments made to or benefits conferred upon an injured party from sources other than the tortfeasor by denying the tortfeasor any corresponding offset or credit against the injured party's damages. Even though these collateral sources mitigate the injured party's loss, they do not reduce the tortfeasor's liability. The collateral source rule operates to preclude the offsetting of payments made by health and accident insurance companies or other collateral sources as against the damages claimed by the injured party … The collateral source rule is both a rule of evidence and a rule of damages.

*Kenney v. Liston*, 760 S.E.2d 434, 440 (2014) (citations and markings omitted). The Supreme Court of Appeals noted that, as a rule of evidence, the collateral source rule prevented "the defendant in a personal injury or wrongful death case from introducing evidence that some of the plaintiff's damages have been paid by a collateral source." *Id.* at 441. (citation omitted).

Notwithstanding the purpose of the collateral source rule, discovery is not guided by rules of evidence; rather, the Federal Rules of Civil Procedure govern what evidence may be collected in federal lawsuits. Rule 26 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(B)(1).

Here, Plaintiff claims personal injuries related to a fall at the Target store in Barboursville, West Virginia. (ECF No. 1-4). She seeks money damages for medical expenses, pain and suffering, physical limitations and impairments, diminished capacity to enjoy life, annoyance and inconvenience, and other damages associated with her alleged injuries. Accordingly, as Plaintiff has put her physical and mental condition at issue, information related to medical treatment and associated expenses are relevant. *See Shoemaker v. Eli Lilly and Company,* Civil Action No. 5:13-cv-013-RLV-DCK, 2014 WL 683765, at * 3 (Feb, 20, 2014) ("A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records.") (collecting Fourth Circuit cases). Moreover, any privilege or protection that may be afforded personal health information is waived to the extent that the information is related to the claims raised by Plaintiff. *Kohari v. Jessie*, No. 2:13-CV-09072, 2014 WL 1338558, at *3 (S.D.W. Va. Apr. 3, 2014). Target asks only for medical liens connected with health care services rendered for the injuries allegedly sustained by Plaintiff in her fall at Target. Therefore, the request is also proportional to the needs of the case.

The fact that health insurance and government programs, like Medicare, may have paid a portion of the expenses incurred by Plaintiff does not exempt the relevant records from discovery. While such documents may not be admissible at trial, Rule 26 does not

limit the scope of discovery to admissible information. To the contrary, Rule 26 explicitly states that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Therefore, the information requested in Interrogatory number 11 is discoverable. Fed. R. Civ. P. 26(b)(1). *See, e.g., Heuskin v. D&E Trans. LLC*, No. CV 19-957 MV/GBW, 2020 WL 1450575, at *10 (D.N.M. Mar. 25, 2020) ("Even so, the collateral source rule is generally one of admissibility, not discoverability."). Plaintiff is hereby **ORDERED** to fully respond to Defendant's Interrogatory number 11 within **two weeks** of the date of this Order.

Interrogatory No. 12 seeks the factual basis of Plaintiff's claim for punitive damages, including supporting documentation. Plaintiff objects to answering the interrogatory on the ground that she is only "preserving the claim should the evidence be developed in upcoming discovery." (ECF No. 16 at 3). Interrogatory number 12 is a contention interrogatory. "Contention interrogatories have been defined as interrogatories that request a litigant 'to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position, and explain or defend that position … or to state the legal or theoretical basis for a contention.'" *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *7 (N.D. W. Va. Jan. 17, 2007) (quoting *B. Braun Med. Inc. v. Abbott Lab.,* 155 F.R.D. 525, 527 (E.D. Pa. 1994)). Contention interrogatories are expressly permitted by Fed. R. Civ. P. 33(a)(2) and are considered useful to "help pin down an opponent's legal theories in a case as well as the primary facts supporting them." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.,* 173 F.R.D. 651, 652 (D. Md. 1997).

"Courts have recognized that answers to contention interrogatories may evolve over time and 'an answer to an interrogatory does not conclusively bind the answering

party in all instances.'" *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp. 3d 547, 556 (D.S.C. 2018) (quoting *Marcoin, Inc. v. Edwin K. Williams & Co.*, 605 F.2d 1325, 1328 (4th Cir. 1979)). Most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period." *Capacchione v. Charlotte–Mecklenburg Board of Education,* 182 F.R.D. 486, 489 (W.D.N.C. 1998). Premature contention interrogatories are discouraged for several reasons. First, there is "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed." *Cornell Research Found., Inc. v. Hewlett Packard Co.,* 223 F.R.D. 55, 66 (N.D.N.Y. 2003). In addition, "a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses," which are effectively useless. *Taggert,* 2007 WL 152101, at *8 (citing *In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 338 (N.D. Cal. 1985)). Furthermore, in cases where the parties anticipate the production of "an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery." *BB & T Corp. v. United States*, 233 F.R.D. 447, 450–51 (M.D.N.C. 2006) (citing *United States v. Duke Energy Corp.,* 208 F.R.D. 553, 558 (M.D.N.C. 2002)).

In this case, discovery has been ongoing since February, and the discovery deadline is October 30, 2020. (ECF No. 6). Plaintiff indicates that she has not yet conducted depositions and should have a "reasonable opportunity" for further investigation and discovery related to her "preserved" punitive damages claim. Given the current posture of the case, the Court agrees. Accordingly, the motion to compel Interrogatory number 12 is granted and Plaintiff is **ORDERED** to respond to same; however, Plaintiff shall have

through and including **September 15, 2020** in which to supplement her interrogatory response. This will allow Plaintiff additional time in which to investigate the propriety of a claim for punitive damages, and will provide Target with sufficient time after the interrogatory is answered in which to conduct discovery responsive to a punitive damages claim, if one is pursued.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 27, 2000

Cheryl A. Eifert
United States Magistrate Judge