IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KEENA POOLE,**

    **Plaintiff,**

v.                                        Case No. 3:20-cv-00014

**TARGET CORPORATION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Compel. (ECF No. 33). Defendant, Target Corporation ("Target") has filed a response to the Motion, and Plaintiff has filed a reply. (ECF Nos. 37, 38). For the reasons that follow, the Court **GRANTS** the Motion to Compel as indicated below.

Plaintiff claims that she was injured in a fall at the Target store in Barboursville, West Virginia. (ECF No. 1-4). According to Plaintiff, she tripped over an empty pallet left unattended at the end of an aisle after it had been used in the stocking of merchandise. Plaintiff seeks an order to compel complete answers from Target to two interrogatories and one request for production of documents.

### Interrogatory No. 8 and Request for Production of Documents No. 7

Interrogatory No. 8 and Request for Documents No. 7 seek the discovery of "policies and procedures in existence at the time of the Plaintiff's injuries, as well as policies and procedures currently in existence" relating to the stocking of merchandise and the use of pallets. Target produced materials in response to the discovery requests.

1

However, Plaintiff contends that the materials produced are not complete and Target failed to produce any information related to current policies and procedures. Plaintiff supports her argument by pointing to various Target publications that Plaintiff found on-line, which contain general statements related to stocking merchandise. Target represents that it has produced all relevant policies and procedures and denies that it has withheld any responsive documents. Target indicates that it did not produce the on-line materials referenced by Plaintiff, because they are not policies and procedures. Target further argues that policies and procedures, which became effective after Plaintiff's fall, are not subject to discovery because they constitute post-remedial measures, which are inadmissible under the Federal Rules of Evidence.

    With respect to Target's first argument relating to the nature of the documents referenced by Plaintiff, the undersigned notes that policies are principles, rules, and guidelines formulated by an organization to express a course of action, while procedures are the specific step-by-step methods employed by the organization to fulfill its policies. When responding to a discovery request for "policies" and "procedures," Target should consider the broad definitions of those words and should err on the side of producing, rather than withholding, information related to stocking and the use of pallets. Consequently, Target is **ORDERED** to reexamine its materials and produce within **fourteen days** of the date of this Order any additional documents and information responsive to the requests.

    As to Target's position regarding current policies, the undersigned agrees with Plaintiff. Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in

2

the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Importantly, Rule 26 makes clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Target's policies and procedures related to stocking and pallets are clearly relevant to the issues in dispute. The fact that some of those policies may subsequently be excluded as inadmissible does not relieve Target of the obligation to produce them. "[R]elevancy in discovery is broader than relevancy for purposes of admissibility at trial." *Amick v. Ohio Power Co.,* No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D.W. Va. Dec. 18, 2013). Therefore, Target is **ORDERED** to produce within **fourteen days** of the date of this Order the responsive policies and procedures currently in existence.

### **Interrogatory No. 16**

In Interrogatory No. 16, Plaintiff requests information regarding other individuals that have fallen on merchandise, pallets, or boxes at any Target in West Virginia within the last ten years. The parties have agreed to narrow the interrogatory to apply only to falls over pallets or other stocking equipment during a three-year time frame, but they continue to disagree as to whether Target must provide this information for stores other than the Barboursville location. Target maintains that only falls at the Barboursville store are relevant.

Under West Virginia law, the owner of a business premises owes a duty of "reasonable care under the circumstances" to all non-trespassing visitors on its property. Syl. Pt. 4, *Mallet v. Pickens*, 522 S.E.2d 436, 437 (W. Va. 1999). To succeed on a claim of premises liability, the plaintiff must show: "(1) that the owner had actual or constructive

3

knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it. . . ." *McDonald v. University of West Virginia Bd. Of Trustees*, 444 S.E.2d 57, 60 (1994). "The element of foreseeability is particularly crucial in premise liability cases because before an owner or occupier may be held liable for negligence, 'he must have had actual or constructive knowledge of the defective condition which caused the injury.'" *Neely v. Belk Inc.*, 668 S.E.2d 189, 199 (2008) (quoting *Hawkins v. United States Sports Assoc., Inc.*, 633 S.E.2d 31, 35 (2006)); *see, also, Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 174 (4th Cir. 2014) ("Under West Virginia law, the question of whether a duty is owed turns on the foreseeability of harm."). Accordingly, to demonstrate foreseeability, the plaintiff in a premises liability case must present evidence demonstrating the defendant business owner's actual or constructive knowledge of the hazard. *Wheeling Park Comm'n v. Dattoli*, 787 S.E.2d 546, 551–52 (W. Va. 2016). "Without demonstrating such knowledge, the plaintiff's case 'is insufficient to prove negligence on the part of the proprietor.'" *Dotson*, 2016 WL 4942024, at *3 (quoting *McDonald v. Univ. of W. Va. Bd. of Trustees*, 444 S.E.2d 57, 60 (W. Va. 1994) (citations omitted)).

  One way for a plaintiff to demonstrate the requisite knowledge is evidence of other, similar instances in which an invitee to the premises suffered a fall with resulting injuries. *See Donovan v. Wal-Mart Stores, Inc.*, No. 4:11-CV-00885-JMC, 2012 WL 3025877, at *2 (D.S.C. July 24, 2012) ("Courts have routinely found that a plaintiff in a civil litigation matter may obtain discovery concerning prior similar incidents, with reasonable limitations, if it is relevant to any matter raised in the litigation."). "Additionally, courts have found it appropriate to compel disclosure of similar claims or incidents across a national geographic scope where the discovery was relevant to matters such as notice or

knowledge or the implementation of a company-wide policy related to the relevant claim or incident." *Donovan,* 2012 WL 3025877, at *2 (citing *Pham v. Wal–Mart Stores,* Inc., No. 2:11–cv–01148–KJD–GWF, 2011 WL 5508832 (D. Nev. Nov., 9, 2011) *and Fears v. Wal–Mart Stores, Inc.,* No. CIV.A. 99–2515–JWL, 2000 WL 1679418 (D. Kan. Oct.13, 2000)).

Accordingly, the undersigned finds that evidence of other falls at Target involving pallets or other stocking equipment is discoverable. Target has six stores in West Virginia, including the Barboursville location. Collecting computerized data about such falls from six stores in the same geographic region over a three-year period should not be overly burdensome for Target and will provide Plaintiff with an opportunity to demonstrate actual or constructive knowledge of the hazard on the part of Target. Therefore, Target is **ORDERED** to provide the information responsive to modified Interrogatory No. 16 within **fourteen days** of the date of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** October 16, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge